UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. SUDBERRY, R.,      Case No. 1:19-cv-230
    Petitioner,
    vs.      Barrett, J.
     Litkovitz, M.J.
WARDEN, LEBANON
CORRECTIONAL INSTITUTION,      **REPORT AND**
    Respondent.      **RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Facility, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2254 challenging his 2000 Butler County, Ohio and 2010 Warren County, Ohio convictions. (Doc. 1). On April 4, 2019, the undersigned issued an Order for petitioner to show cause why the petition should not be transferred to the Sixth Circuit Court of Appeals as a successive petition. (Doc. 2). As noted in the Order, petitioner has previously filed multiple habeas corpus actions in this Court challenging his state court convictions. *See Sudberry v. Warden*, Case No. 1:17-cv-45 (Barrett, J.; Litkovitz, M.J.) (S.D. Ohio Jan. 17, 2017); *Sudberry v. Warden*, Case No. 1:16-cv-676 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Aug. 22, 2014); *Sudberry v. Warden*, Case No. 1:13-cv-623 (Spiegel, J.; Bowman, M.J.) (S.D. Ohio Sept. 9, 2013); *Sudberry v. SOCF*, Case No. 1:03-cv-537 (Beckwith, J.; Hogan, M.J.) (S.D. Ohio July 28, 2003).

On April 22, 2019, petitioner responded to the Court's Order. Petitioner states that he intended the petition to be filed with the Sixth Circuit Court of Appeals and requests that it be transferred to the Sixth Circuit as a successive petition. (Doc. 4 at PageID 96–97).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the

petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

Accordingly, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that the instant petition be transferred to the

Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it.

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the Sixth Circuit for further proceedings as required under 28 U.S.C. § 2244(b)(3).

Date: 4/29/19                                  *s/ Karen L. Litkovitz*
                                               Karen L. Litkovitz
                                               United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES D. SUDBERRY, R.,
    Petitioner,
vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-230

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4