**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JAMES D. SUDBERRY, R., | ) |
| | ) |
|     Petitioner, | ) Case No. 1:19-cv-230 |
| | ) Barrett, J. |
| vs. | ) Litkovitz, M.J. |
| | ) |
| WARDEN, LEBANON | ) |
| CORRECTIONAL INSTITUTION, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's April 30, 2019 Report and Recommendation ("R&R") (Doc. 5) recommending the transfer of Mr. Sudberry's Petition for Writ of Habeas Corpus (Doc. 1) to the Sixth Circuit for review and determination as to whether this Court should be authorized to entertain it.

Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 27, 2019. (Doc. 1). The Magistrate Judge granted Petitioner's motion for leave to proceed *in forma pauperis* on April 4, 2019. (Doc. 2). The Magistrate Judge also noted that Petitioner has filed multiple petitions for habeas corpus and ordered Petitioner to show cause within thirty days for why this action should not be transferred to the Sixth Circuit as a successive petition. (*Id.* at PageID 50-51). Petitioner responded to the Magistrate Judge's Order and submitted a document entitled "Prima Facie Showing" on April 22, 2019. (Doc. 4). The Magistrate Judge issued her R&R on April 30, 2019, recommending this action be transferred to the Sixth Circuit for review as to whether this Court should entertain Petitioner's successive petition. (Doc. 5). Petitioner filed

objections to the R&R on May 13, 2019 (Doc. 6) and supplemented his objections on June 5, 2019. (Doc. 7).[1]

## STANDARD OF REVIEW

When objections are received to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). Here, Petitioner filed timely objections on May 13, 2019. (Doc. 6).

## ANALYSIS

A second or successive petition for habeas corpus is one that "raises grounds identical to those raised and rejected on the merits on a prior petition." *Schlup v. Delo*, 513 U.S. 298, 318 n.34 (1995). The district court must dismiss a claim presented in a second or successive petition if the claim raised is the same claim that was raised in a prior petition. 28 U.S.C. § 2244(b)(1). The district court must also dismiss a claim presented in a second or successive petition that was not raised in a prior application, unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Untied States Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1]Although Petitioner's document is entitled "Supplemental Motion," the document appears to be a supplemental attachment to his objections to the R&R.

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

An individual who wishes to file a second or successive petition for writ of habeas corpus in the district court must first obtain permission from the court of appeals. 28 U.S.C. § 2244(b)(3)(A); *In re Siggers*, 132 F.3d 333, 335 (6th Cir. 1997); *Conley v. Harris*, No. 2:19-cv-3500, 2019 WL 5209017, at **1-2 (S.D. Ohio Sept. 20, 2019) (Vascura, M.J.), *adopted*, 2019 WL 5209017 (S.D. Ohio Oct. 16, 2019) (Graham, J.). Without the authorization of the court of appeals, the district court lacks jurisdiction to entertain a successive petition. *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007) (citing *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam)).

As the Magistrate Judge noted, Petitioner has previously filed multiple petitions for writs of habeas corpus in this Court. *See Sudberry v. Warden*, Case No. 1:17-cv-45 (Barrett, J.; Litkovitz, M.J.) (S.D. Ohio Jan. 17, 2017); *Sudberry v. Warden*, Case No. 1:16-cv-676 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Aug. 22, 2014); *Sudberry v. Warden*, Case No. 1:13-cv-623 (Spiegel, J.; Bowman, M.J.) (S.D. Ohio Sept. 9, 2013); *Sudberry v. SOCF*, Case No. 1:03-cv-537 (Beckwith, J.; Hogan, M.J.) (S.D. Ohio July 28, 2003). Therefore, this petition for writ of habeas corpus is a successive petition under 28 U.S.C. § 2244(b). Because Petitioner has not received authorization from the Sixth Circuit to submit this successive petition, this Court has no jurisdiction. This court is required, pursuant to 28 U.S.C. § 1631, to transfer the case to the Sixth Circuit for review under 28 U.S.C. § 2244(b)(3).

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (Doc. 6), **DENIES** Petitioner's Supplemental Motion (Doc. 7), and **ADOPTS** the Magistrate Judge's April 30, 2019 R&R (Doc. 5) in its entirety. This action is hereby **TRANSFERRED** to the Sixth Circuit for further proceedings as required under 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            Michael R. Barrett, Judge
                                            United States District Court